**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GORDON H. FLATTUM, | No. 14-15903 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-02711-LKK-GGH |
| v. | |
| STATE OF CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS; et al., | MEMORANDUM* |
| Defendants, | |
| LORRIE YOST, | |
| Defendant, | |
| And | |
| PATTI BOWERS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 14, 2016[]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Defendant Patti Bowers appeals from the district court's order denying her motion to dismiss on the ground of absolute immunity. We have jurisdiction under 28 U.S.C. § 1291. *Stapley v. Pestalozzi*, 733 F.3d 804, 809 (9th Cir. 2013). We review de novo. *Id.* We reverse.

The district court erred in denying Bowers absolute immunity because Flattum alleges that Bowers signed and published a Statement of Issues containing statements Bowers knew or should have known were false, and Bowers is entitled to absolute immunity from damages with respect to these allegations. *See Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) ("Absolute immunity extends to agency officials when they . . . initiate agency adjudication . . . ."); *see also* Cal. Gov't Code § 11504 ("A hearing to determine whether a . . . license . . . should be granted . . . shall be initiated by filing a statement of issues."). To the extent Flattum asserts additional allegations against all defendants, he fails to allege facts as to Bowers sufficient to state any plausible claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

14-15903

factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

Bowers's unopposed motion to take judicial notice of documents, filed on September 10, 2013, is granted.

**REVERSED and REMANDED.**